UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GARY A. BLANCHETTE<br><br>      Debtor | Chapter 7<br>Case No. 15-40788-MSH |

**MEMORANDUM AND ORDER ON THE TRUSTEE'S OBJECTION TO EXEMPTION**

David M. Nickless, the chapter 7 trustee in this case, has objected to the exemption claimed by the debtor, Gary A. Blanchette, in certain real property on the grounds that Mr. Blanchette did not own an interest in that property at the time he declared a state law homestead on it and the homestead declaration of Mr. Blanchette's former wife, who is the record owner of the property, has terminated. While the former may be true, the latter is not and as a result the trustee's objection must be overruled.

Background

On October 26, 1994, Karen M. Sweeney, the future Karen M. Blanchette, took title to property located at 1 Ball Street in Worcester, Massachusetts by a deed from Mr. Blanchette's brother and sister-in-law. While Mr. Blanchette never held an ownership interest of record in the property he and Ms. Sweeney signed a promissory note in favor of the sellers for all or a portion of the purchase price. Ms. Sweeney alone executed a mortgage securing the note.[1] Shortly after acquiring the Ball Street property Ms. Sweeney and Mr. Blanchette married.[2]

---

[1] The note has since been paid and the mortgage discharged.

[2] Henceforth, Ms. Sweeney will be referred to in this memorandum as Ms. Blanchette.

Ms. Blanchette recorded a declaration of homestead on the Ball Street property pursuant to the Massachusetts homestead statute, Mass. Gen. Laws. ch 188. The record does not indicate when her homestead was recorded but it was prior to the commencement of this bankruptcy case. On May 12, 2014, the Blanchettes were divorced. Their divorce agreement which was incorporated into a judgment of the Massachusetts probate court provides in relevant part:

> The parties jointly own real property at 1 Ball Street, Worcester, MA 01603, such property being listed in the wife's name only, but each party acknowledges that each and the other own such property in equal shares.
>
> The Husband shall continue to reside in the marital home and be solely responsible for all expenses, including but not limited to all mortgage payments, except that the Wife will continue to pay 50% of the Real estate taxes and Home Owner's Insurance.
>
> The Wife has moved into a separate residence, and is solely responsible for her household rent and operating expenses.
>
> The marital home shall be sold by the time the child graduates from High School, if not sooner, by mutual agreement of the parties. Upon such sale the parties will equally share the proceeds and all expenses. (sic)

Mr. Blanchette continues to occupy the property with his and Ms. Blanchette's minor child.[3] Ms. Blanchette resides elsewhere.

On November 28, 2014, Mr. Blanchette recorded a declaration of homestead on the Ball Street property. The declaration referenced the book and page number of Ms. Blanchette's deed to the property as well as the docket number of the Blanchettes's divorce proceeding in the probate court. Mr. Blanchette did not, however, record a copy of the divorce agreement or any other probate court papers in the registry of deeds.

---

[3] Mr. Blanchette's has represented without contradiction by the trustee that his daughter is 17 years old.

2

On April 22, 2015, Mr. Blanchette commenced this case by filing a voluntary petition for relief under chapter 7 of the U.S. Bankruptcy Code (11 U.S.C. § § 101 *et. seq.*). Mr. Nickless was appointed the chapter 7 trustee. On schedule C of the schedules of assets and liabilities filed in support of his petition Mr. Blanchette claimed an exemption in the Ball Street property pursuant to Mass. Gen. Laws. ch. 188. Mr. Nickless timely objected to Mr. Blanchette's exemption claim.

## Discussion

Under Massachusetts law, an owner who occupies or intends to occupy a home as a principal residence may by recording a declaration of homestead exempt from the claims of creditors up to $500,000 in value in the property. Mass. Gen. Laws. ch 188, § 3. The statute defines owner as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust." Mass. Gen. Laws. ch 188, § 1.

Mr. Nickless asserts that under the statutory definition Mr. Blanchette is not an owner of the Ball Street property and is thus ineligible to exempt it under state law. Mr. Blanchette counters that the divorce agreement, which was incorporated into a final order of the probate court, makes him an owner. Mr. Nickless has the stronger argument. Mass. Gen. Laws ch. 184, § 17 provides in relevant part:

> A judgment or decree, at law or in equity, rendered after June eighth, eighteen hundred and ninety-two, affecting the title to real property, shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual notice thereof, unless a certified copy of the record thereof has been recorded in the registry of deeds for the county or district where the land lies, with a memorandum of the town where the land lies and a description thereof

3

sufficiently accurate for identification if the record of the judgment or decree does not give those particulars.

While Mr. Blanchette's homestead declaration refers to the divorce action, it does not include a certified copy of any portion of the record thereof and is thus ineffective as against the trustee to establish an ownership interest in the Ball Street property. Mr. Blanchette's lack of an ownership interest does not, however, doom his exemption claim.

There remains to be considered the effect on Mr. Blanchette's exemption rights of Ms. Blanchette's homestead declaration. Mr. Nickless argues that Ms. Blanchette's declaration of homestead was terminated for two reasons. First he asserts that Mr. Blanchette's later recorded homestead declaration, while manifestly ineffective, nevertheless terminated Ms. Blanchette's declaration. Putting aside the soundness of Mr. Nickless's reasoning, the principle that a homestead declaration when recorded automatically terminates a prior recorded declaration existed in the prior version of the Massachusetts homestead law and was not retained when the law was substantially revised in 2010.[4] Mass. Gen. Laws ch 188, § 10 enumerates the ways in which a declared homestead may be terminated. They are:

---

[4] The prior version of the Massachusetts Homestead Act provided that "[t]o acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated.... *The acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate.*" Mass. Gen. Laws. ch.188, § 2 (repealed) (emphasis added); *see also Garran v. SMS Fin. v. LLC (In re Garran)*, 338 F.3d 1, 7 (1st Cir. 2003). The new law, which went into effect on March 16, 2011, well before Mr. Blanchette recorded his homestead declaration and filed his bankruptcy case, governs this dispute. *In re D'Italia*, 507 B.R. 769, 771 n.7 (Bankr. D. Mass, 2012). It does not contain the termination language of its predecessor.

4

> (1) a deed to a non-family member conveying the home, signed by the owner and a non-owner spouse or former spouse residing in the home as a principal residence as of the date of the deed;
>
> (2) a recorded release of the estate of homestead, duly signed and acknowledged by the owner and a non-owner spouse or former spouse residing in the home as a principal residence as of the date of the release;
>
> (3) the abandonment of the home as the principal residence by the owner, the owner's spouse, former spouse or minor children, except that such abandonment shall terminate only the rights of the persons who have abandoned the home; provided, however, that no person in military service as defined in 50 U.S.C. appendix, section 511 shall be deemed to have abandoned the home due to such military service;
>
> (4) in the case of a home the title to which is held in trust, by either: (i) the execution of a deed or a release of homestead by the trustee; or (ii) action of a beneficial owner identified in the declaration, who is not a minor child, taken in the same manner as provided in clauses (2) and (3); or
>
> (5) the subsequent recorded declaration of an estate of homestead under section 3 on other property, except that such declaration shall terminate only the rights of the owner making such subsequent declaration and the rights of that owner's spouse and minor children who reside or intend to reside in the other property as their principal residence.

A subsequent recording of a declaration of homestead *on the same property* is not among the statutory triggers for terminating a homestead.

Mr. Nickless also argues that Ms. Blanchette's declaration of homestead terminated when she moved out of the Ball Street property. But under subsection 3 above quoted, her departure terminated the homestead rights of Ms. Blanchette only. In any event, the Massachusetts homestead law provides protection to former spouses. Mass. Gen. Laws ch. 188, § 7 states in pertinent part:

> The estate of homestead existing at the death or divorce of a person holding a homestead under section 3 or 4 shall continue for the benefit of the surviving spouse or the former spouse and minor children who occupy or intend to occupy the home as their principal residence.

5

The record contains no indication that Ms. Blanchette took any action to terminate or modify her homestead declaration with respect to Mr. Blanchette and their child,[5] both of whom continue to reside in the property.

## Conclusion and Order

For the foregoing reasons, it is hereby ORDERED that the trustee's objection to Mr. Blanchette's schedule C exemption in the Ball Street property is OVERULED.

At Worcester, Massachusetts this 22nd day of September, 2015.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   David M. Nickless, Esq.
Nickless, Phillips & O'Connor
Fitchburg, MA
for David M. Nickless, Trustee

Holly H. Hines, Esq.
Leominister, MA
For Gary A. Blanchette

---

[5] The Massachusetts Homestead Act defines minor child as "a person aged 21 or under who is the natural or adopted child of an owner or owner's spouse entitled to the benefits of this chapter, notwithstanding any law to the contrary." Mass. Gen. Laws. ch. 188, § 1.